(concurring in result). The Legislature has not thus far seen fit to make conclusive the blood-grouping test where definite exclusion of paternity is established. Despite that, however, the courts may not ignore the universal scientific opinion that such tests, resulting .in exclusion, are, in fact, conclusive on the issue of paternity. These tests, while they cannot indicate affirmatively that the defendant in a filiation proceeding is the father of the child, do, in certain cases, exclude the possibility of the defendant being the father. Such scientific exclusion should, assuming the tests to have been competently and accurately made, be accepted as conclusive by the trial court, notwithstanding the strength, as in this case, of the nonscientific testimony to the contrary. There should be no occasion for expert testimony in every case to prove the scientific validity of blood-grouping tests resulting in exclusion of paternity. The scientific opinion on that point is so general that courts may take judicial notice of it in filiation proceedings.
The difficulty, however, is that there may be a margin of error in the making of the tests. Until it is otherwise provided by appropriate legislation, therefore, the burden is upon the defendant in a filiation proceeding of procuring the test and of placing in evidence the report indicating the result of the test if that result definitely excludes his paternity. Moreover, if *93 the complainant so demands, even when the result is one of exclusion, the defendant should also be required to produce the doctor who made the test, for cross-examination with respect to his competency and to the accuracy of the test made by him. To be sure, this may involve the expenditure of a substantial sum of money which in many or most instances would be prohibitive, but that is a legislative and an administrative problem, rather than a judicial one.
I concur for reversal here because, as stated in the Per Curiam opinion, the interests of justice in this case so requires.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur ir Per Curiam opinion; Shientag, J., concurs in the result, in opinion.
Order unanimously reversed, without costs, and a new trial ordered.